IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAY 28 AM 8:02
CLERK_____
SO. DIST. OF GA.

JAMES S. FALLER II,

    Plaintiff,

    v.

NANCY PATRICIA PELOSI, et al.,

    Defendants.

CV 120-002

**O R D E R**

Before the Court are three motions filed by Plaintiff: (1) Motion to Disqualify U.S. Attorney (Doc. 21); (2) Motion to Stay Response to Defendants' Motions to Dismiss (Doc. 24); and (3) Motion to Reconsider Electronic Filing (Doc. 25). For the following reasons, the motions are **DENIED**.

**I. MOTION TO DISQUALIFY U.S. ATTORNEY**

First, Plaintiff seeks not only to disqualify the appearing United States Attorneys in this case, but also to "disqualify any United States Attorney from representing these defendants in the instant action." (Mot. to Disqualify, Doc. 21, at 6.) As the Eleventh Circuit recently stated, "[O]ther courts that have considered this issue have said that the disqualification of an entire United States Attorney's office will almost always constitute reversible error." United States v. Pitts, 794 F. App'x

868, 874 (11th Cir. 2019) (internal quotation marks omitted) (citing United States v. Bolden, 353 F.3d 870, 875 (10th Cir. 2003)). Plaintiff's assertion that the United States Attorney is conflicted out of representing Defendants merely because Plaintiff contends the United States Attorney should be investigating the alleged conduct in the complaint is insufficient to meet his extraordinarily high burden of showing the entire United States Attorney's Office should be disqualified.

## II. MOTION TO STAY

The Court finds no justification in Plaintiff's motion to indefinitely stay his responses to Defendants' motions to dismiss. (Doc. 24.) The Court will, however, this time, construe Plaintiff's motion as a motion for extension of time to respond. Defendants do not object to an extension of time determined by the Court. (Defs.' Resp. Opp'n Mot. to Stay, Doc. 27, at 2.) Therefore, the Court grants Plaintiff an extension of time outlined in further detail below.

## III. MOTION FOR RECONSIDERATION

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No. CV 209-093, 2013 WL 393096, at *1 (S.D. Ga.

2

Jan. 30, 2013) (citation omitted). Under Federal Rule of Civil Procedure 54(b), district courts have the discretion to reconsider interlocutory orders at any time before final judgment. Watkins v. Capital City Bank, No. CV 310-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012); Lambert v. Briggs & Stratton Corp., No. Civ.A. CV604-016, 2006 WL 156875, at *1 (S.D. Ga. Jan. 19, 2006).

Although the text of Rule 54(b) does not specify a standard by which courts evaluate motions, courts in this Circuit "have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735-CIV, 2008 WL 5691349, at *2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010). Because reconsideration "is an extraordinary remedy to be employed sparingly," the movant "must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." Burger King Corp v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369, 1370 (S.D. Fla. 2002); accord Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969-Orl-19KRS, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011); see also Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016). "A motion for reconsideration should

not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented" before the original decision. S.E.C. v. Mannion, No. 1:10-cv-3374-WSD, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013); accord Armbuster, 2016 WL 1441467, at *1 ("[I]t is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly.") (citation and internal quotation marks omitted).

Plaintiff points to no intervening controlling law or newly discovered evidence; therefore, Plaintiff relies on correcting clear error or preventing manifest injustice. Plaintiff's motion is denied for several reasons. First, as noted, reconsideration is not used to present the Court with new evidence that the party could have presented prior to the decision. Second, Plaintiff points to no clear error in the Court's decision to follow its policy of prohibiting electronic filing by *pro se* litigants. Third, Plaintiff's asserted prejudice presents no manifest injustice. Numerous *pro se* litigants "drive to the post office or court to ensure filing." (See Mot. for Recons., Doc. 25, at 3.) Additionally, to the extent Plaintiff is concerned with service, the Court possesses several tools to address those issues as they arise.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motions to Disqualify U.S. Attorney (Doc. 21); Stay Response to Defendants' Motions to Dismiss (Doc. 24); and (3) Reconsider Electronic Filing (Doc. 25) are **DENIED**. Plaintiff shall file his responses to Defendants' motions to dismiss within **FOURTEEN (14) DAYS** of the date of this Order. The Court's Local Rules shall govern any subsequent reply briefs.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA