IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES S. FALLER II, | * | |
| Plaintiff, | * | |
| v. | * | CV 120-002 |
| NANCY PATRICIA PELOSI, et al., | * | |
| Defendants. | * | |

ORDER

Before the Court is Plaintiff's Motion for Leave to File Under Seal.  (Doc. 35.)  For the reasons below, Plaintiff's motion is **DENIED**.

### I. DISCUSSION

Plaintiff requests that the Court seal Plaintiff's "motion for the Court to reveal potential conflicts, biases and prejudices."  (Mot. for Leave to File Under Seal, Doc. 35.) Although the motion requests the disclosure of various prejudices and biases, the Court interprets the document as a motion to recuse.  Before the Court ruled on this motion, Plaintiff filed his "Motion to Disclose Conflicts, Prejudice and or Bias" on the public docket.  (Doc. 39.)

Within his motion to file under seal, Plaintiff offers vague justifications for sealing the motion and attached exhibits. Plaintiff contends: (1) "[t]he instant matter is a situation that arose by egregious misconduct of government officials"; (2) "affirmations from a judge and a high official" are included with the motion and "there is substantial likely hood [sic] that threats and or substantial harm may come to the affiants if they are revealed"; and (3) "there are multiple issues in the instant motion which could cause embarrassment to the Court."

The Eleventh Circuit has long recognized a "presumptive common law right to inspect and copy judicial records." United States v. Rosenthal, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (citation and internal citation omitted).

However, the "right of access is not absolute." Id. A party can justify sealing a document by showing good cause. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Good cause is determined by balancing the historical presumption of right to access against the movant's

privacy interests. <u>Id.</u> at 1311; <u>Newman v. Graddick</u>, 696 F.2d 796, 803 (11th Cir. 1983).

Courts consider, among other things: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. <u>Romero</u>, 480 F.3d at 1246.

Local Rule 79.7 outlines the procedures required for a party to request that documents be filed under seal. "Any person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." LR 79.7(b), SDGa. "The party seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." <u>Id.</u> at (d). Moreover, "[t]he permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake." <u>Id.</u> at (e).

### A. Underlying Conduct

At the outset, Plaintiff contends that the motion merits sealing because "the instant matter is a situation that arose by egregious misconduct of government officials." (Mot. for Leave to File Under Seal, ¶ 2.) Plaintiff cites no case law or legal authority justifying sealing the motion for this reason. Plaintiff has failed to meet his burden as required under LR 79.7(d). Thus, the alleged underlying conduct itself, without more, is not sufficient to warrant the sealing of Plaintiff's motion.

### B. Harm to Affiants

Plaintiff's second argument is likewise unconvincing. Plaintiff asserts "[d]ue to the type and kind of work the Plaintiff has engaged in for many years, there is a substantial likely hood [sic] that threats and or substantial harm may come to the affiants if they are revealed." (Mot. for Leave to File Under Seal, ¶ 3.) Again, Plaintiff fails to cite any case law or legal authority to support his argument. Additionally, when alleging harm as the basis for sealing, Plaintiff is required to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." Thomas v. Houston Healthcare Sys. Inc., No. 5:17-cv-386(MTT), 2019 WL 5850547, at *2 (M.D. Ga. May 24, 2019) (quoting In re: Photochromic Lens Antitrust Litig., No. 8:10-MD-2173-T27EAJ, 2011 WL 13141945, at *1 (M.D. Fla. June 9, 2011)) ("[C]onclusory

4

assertions of possible harm, such as those stated by the parties, do not show good cause."). Here, Plaintiff has failed to assert any specific injury.

## C. Embarrassment of the Court

Finally, Plaintiff argues there are multiple issues in the motion that could cause embarrassment to the Court. While the Court appreciates Plaintiff's consideration of the Court, legally there is no justification for sealing the motion.

## II. CONCLUSION

Plaintiff has failed to analyze the balancing test in *Romero* and overcome the common-law right of access by showing good cause. For the foregoing reasons, Plaintiff's motion to seal (Doc. 35) is **DENIED**. Plaintiff's pending motion shall remain unsealed.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA