```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF GEORGIA
                          AUGUSTA DIVISION
```

| | |
|---|---|
| JAMES S. FALLER II,<br><br>    Plaintiff,<br><br>       v.<br><br>NANCY PATRICIA PELOSI, et al.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*    CV 120-002<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## O R D E R

Presently before the Court is Plaintiff's "Emergency Motion for Temporary Restraining Order and Permanent Injunctive Relief and Request for Immediate Hearing." (Doc. 36.) On January 7, 2020, Plaintiff James S. Faller II, proceeding *pro se*, filed the present action against seven (7) members of the United States Congress and "the deep state." (Doc. 1.) Currently, all discovery is stayed until the Court rules on Defendants' motion to dismiss. (Doc. 15.) Now, Plaintiff seeks injunctive relief to "restrain the Defendants from engaging in further acts of sedition, treason and acts to overthrow the United States or impede the Office of the President, directly, indirectly, in conspiracy or in complicity." (Doc. 36, ¶ 1.) After carefully

reviewing Plaintiff's requests, the Court **DENIES** Plaintiff's motion.

## DISCUSSION

Under Rule 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Granting a temporary restraining order or preliminary injunction is only proper if the moving party establishes the following four elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schmitt v. Reimer, No. 1:10-cv-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010) (quoting Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)).

"Both temporary restraining orders and preliminary injunctions are extraordinary remedies that are 'not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites.'" Id. (quoting Redford v. Gwinnett Jud. Cir., 350 F. App'x. 341, 345 (11th Cir. 2009)); see also United States v. Jefferson Cnty., 720 F.2d

2

1511, 1519 (11th Cir. 1983) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."). Moreover, "[t]he grant or denial of a preliminary injunction is a matter within the discretion of the district court . . . ." Jefferson Cnty., 720 F.2d at 1519.

First, Plaintiff's motion seeks improper relief. Relief requesting the Court to instruct a Defendant to "obey the law" does not "satisfy the specificity requirements of Rule 65(b) and . . . would be incapable of enforcement." Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (citing Payne v. Travenol Lab'ys, Inc., 565 F.2d 895, 898 (5th Cir. 1978). Here, Plaintiff has listed eight requests for relief. The first seven seek to enjoin Defendants from:

> 1. Violating the intents and concepts of Executive Order 12674 signed on April 12, 1989[;]
> 2. Encouraging, enabling, protecting, supporting, or otherwise aiding, any person, enterprise, agency, organization, faction or militia from engaging in any act of violence, sedition, treason or crime against the United States, its citizens or any person, place or thing[;]
> 3. Engaging in any act that could be reasonably perceived as an act to weaken, interfere with, obstruct, delay or overthrow the Office of the President of the United States of America[;]
> 4. Engaging in any act that could be reasonably perceived as an act to weaken, interfere with, obstruct, delay or overthrow any government within the United States of America, including the United States of America[;]
> 5. Engaging in any act that can reasonably create the appearance that they are violating the law or the ethical standards set forth in Executive Order 12674 . . . [;]

3

    6. Promulgating any false or misleading information to the Public or any office of the United States of America[; and]
    7. Misusing any official office or authority to produce any delays or interference with the proper administration of the Office of the President or any other government office or agency.

(Doc. 36, at 17-18.) Essentially, Plaintiff asks the Court to instruct the Defendants to "obey the law." "It is well-established . . . that an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible." Elend v. Basham, 471 F.3d 1199, 1209 (11th Cir. 2006) (citing Burton, 178 F.3d at 1201). Because the relief is improper, the Court will not address the merits of the first seven requests for relief.

    Plaintiff's final request is to "prohibit the United States Attorney from representing any of these defendants in the instant action." (Doc. 36, at 18.) Plaintiff previously requested to "disqualify any United States Attorney from representing these defendants in the instant action" in an earlier motion. (Mot. to Disqualify, Doc. 21, at 6.) As the Court previously ruled, "Plaintiff's assertion that the United States Attorney is conflicted out of representing Defendants merely because Plaintiff contends the United States Attorney should be investigating the alleged conduct in the complaint is insufficient to meet his extraordinarily high burden of showing the entire United States Attorney's Office should be disqualified."

4

(Doc. 30, at 2.) Thus, Plaintiff cannot satisfy the first element, which requires a showing of a substantial likelihood of success on the merits, with regards to the claim to disqualify the United States Attorney's Office from representing the Defendants.

Further, the Court determines a hearing is not necessary for the resolution of this motion.

## CONCLUSION

Because Plaintiff requests improper relief and has failed to show a substantial likelihood of success on the merits, the Court **DENIES** Plaintiff's "Emergency Motion for Temporary Restraining Order and Permanent Injunctive Relief and Request for Immediate Hearing" (Doc. 36) and Plaintiff's Motion for Extension (Doc. 38.)

**ORDER ENTERED** at Augusta, Georgia, this 14th day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA