IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES S. FALLER II, | * | |
| Plaintiff, | * | |
| v. | * | CV 120-002 |
| NANCY PATRICIA PELOSI, et al., | * | |
| Defendants. | * | |

ORDER

Before the Court is Plaintiff's "Motion to Disclose Conflicts, Prejudice and or Bias." (Doc. 39.) Although the motion asks the Court to identify and disclose certain biases and prejudices, these requests have been construed as a motion for recusal. For the reasons below, Plaintiff's motion is **DENIED**.

I. DISCUSSION

Plaintiff asks me to address six areas of concern for recusal including, "the nature of the complaint," his *pro se* status, his criminal history, the allegation that he is "a victim of the government in terms of collateral damage to [his] family," his "legal status," and the allegation that "the crimes committed against [him and his family] are horrific." (Doc. 39, at 10.)

Plaintiff also argues that my prior rulings denying the disqualification of the United States Attorney's Office (Doc. 30) and disallowing Plaintiff the use of electronic filing (Doc. 22) are bases for recusal. Finally, Plaintiff asserts concerns of bias based on alleged discussions with "several local attorneys, a judge and personal friends of both [of us]." (Doc. 39, at 5.)

Section 455(a)[1] instructs a federal judge to disqualify himself if "his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b)(1). The standard of review for a Section 455(a) motion is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Moreover, "it is well settled that the allegation of bias must show that 'the bias is personal as distinguished from judicial in nature.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff has not offered any evidence that casts doubt on my impartiality. The fact that Plaintiff is a *pro se* litigant is not sufficient for recusal. In fact, many litigants in this Court are

---

[1] Plaintiff cites Model Code of Judicial Conduct Rule 2.11, which is codified at 28 U.S.C. § 455, as the legal basis for disqualification. The Court will analyze Plaintiff's motion under Section 455.

2

*pro se*. Additionally, the "nature of the suit" and the allegation that Plaintiff and his family have been victims of "horrific" crimes and what Plaintiff describes as "a victim of the government in terms of collateral damage" are of no import to my impartiality.

Plaintiff also bases his motion for recusal on his disagreement with my prior rulings in the case at issue. However, "[d]isqualification 'ordinarily may not be predicated on the judge's rulings in the instant case or in related cases.'" Deems v. Comm'r, 426 Fed. App'x 839, 843 (11th Cir. 2011) (quoting Phillips v. Joint Legis. Comm. on Performance & Expenditure Rev., 637 F.2d 1014, 1020 (5th Cir. 1981)). Adverse rulings alone do not establish bias. Id. Moreover, Plaintiff's criminal history with this Court does not warrant recusal. "The mere fact of having presided over previous criminal or civil trials involving the same parties does not mandate recusal from all future litigation involving those parties." Christo v. Padgett, 223 F.3d 1324, 1334 (11th Cir. 2000).

Finally, Plaintiff offers two vague statements from undisclosed parties that Plaintiff alleges are mutual acquaintances. (Doc. 39, at 5.) Even if the statements are true, "a motion for disqualification . . . may not be predicated on . . . a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from . . . experience on the bench." Huff v. Standard Life Ins. Co., 683

3

F.2d 1363, 1369 (11th Cir. 1982) (citing Phillips, 637 F.2d at 1020).

## II. CONCLUSION

Upon review of Plaintiff's motion, I find no reason for recusal. For the foregoing reasons, Plaintiff's "Motion to Disclose Conflicts, Prejudice and or Bias" (Doc. 39) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___15th___ day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA