IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JAMES S. FALLER II,

    Plaintiff,

        v.                    CV 120-002

NANCY PATRICIA PELOSI, et al.,

    Defendants.

**ORDER**

Presently before the Court are Defendants' motions to dismiss (Docs. 13, 18.) For the following reasons, Defendants' motions are **DENIED AS MOOT**.

**I. BACKGROUND**

On January 7, 2020, Plaintiff filed a fifty-nine page complaint against seven members of the United States Congress, "The Deep State," and "Unknown Defendants" alleging violations of various criminal and civil statutes. (Compl., Doc. 1, at 3-5, 52-56.) Plaintiff brings suit against Defendants on ten counts. (Id. at 52-56.) Additionally, Plaintiff's Complaint includes seventeen demands for relief, including that the Court "refer these matters to a Special Grand Jury," enter judgment in the amount of $1.5 billion, and "entertain a Petition for Habeas

Corpus . . . to dismiss the (2) two false convictions of the Plaintiff." (Id. at 57-59.) As explained below, Plaintiff's Complaint is full of extraneous information not obviously connected to any claim against Defendants; thus, the Court will not delve into the factual allegations of the Complaint.

## II. DISCUSSION

### A. Shotgun Pleading

After careful review, the Court finds Plaintiff's Complaint is an impermissible "shotgun pleading." A shotgun pleading "is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." Toth v. Antonacci, 788 F. App'x 688, 690 (11th Cir. 2019); see FED. R. CIV. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 10(b) (requiring a party to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). This Court does not tolerate such pleadings and has previously explained:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach C[n]ty. Sheriff's Off[.], 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020); see also Blochowicz v. Wilkie, No. CV 120-111, 2020 WL 5028224, at *3-4 (S.D. Ga. Aug. 25, 2020).

There are four types of shotgun pleadings. The first type is a pleading "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland, 792 F.3d at 1321. The second type is a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third is a pleading that does not separate each claim into separate counts. Id. at 1322-23. Finally, fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. Despite the different "sins," all types of shotgun pleadings, in one way or another, fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff's Complaint commits all four "sins" to some extent. First, Plaintiff's Complaint contains ten counts.[1] The

---

[1] Although Plaintiff only lists ten counts, his Complaint references over twenty federal statutes. Plaintiff also asserts his "First, Fourth, Fifth, Sixth, Seventh, Eighth, Twelfth, Fourteenth and Fifteenth [A]mendment rights were violated." (Compl., at 3.)

first fifty-one pages of Plaintiff's Complaint contain unnumbered allegations of fact. Although Plaintiff does not specifically state so, the Court assumes the factual allegations are adopted in full by all ten counts because Plaintiff fails to assert any facts in the last seven pages of his Complaint, where the ten counts are listed. (See Compl., at 52-56.) Thus, it is impossible to determine which facts relate to each count.

Plaintiff's Complaint is also riddled with immaterial facts and conclusory allegations not obviously connected to any cause of action. (See, e.g., Id. at 19 (discussing Karen Sypher trial); Id. at 22 (listing statements from celebrities regarding President Trump); Id. at 24, 30 (discussing events that occurred in Luxembourg) Id. at 43-44 (listing five "examples of the ongoing travesty").) Additionally, Plaintiff fails to separate each claim for relief into separate counts. For example, Plaintiff combines three claims against Defendants in Count II and III and two claims in Count VI. (Id. at 52-54.)

Lastly, Plaintiff commits the "rare sin" of failing to specify which Defendants are responsible for which acts. Plaintiff alleges "[t]he above named Defendants as a conspiracy and at times acting alone" are responsible for each count. (Id. at 52-56.) While on its face Plaintiff attributed each count to *all* Defendants and thus specified which Defendant is responsible for which act, it is difficult to believe all seven Defendants

4

are responsible for all ten counts, given the absence of facts pleaded under each count.

Shotgun pleadings "exact an intolerable toll on the trial court's docket . . . and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997). For these reasons, when a party files a shotgun pleading, the Eleventh Circuit instructs district courts to strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)). As required, this Court will give Plaintiff one chance to fix his defective Complaint. See Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019)("When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." (citing Vibe Micro, 878 F.3d at 1296)). However, if Plaintiff fails to comply with the Court's Order, his "continued impermissible pleadings warrant dismissal with prejudice." Hirsch v. Ensurety Ventures, 805 F. App'x 987, 992 (11th Cir. 2020).

Plaintiff is **DIRECTED** to file an amended complaint within **FOURTEEN (14) DAYS** of the date of entry of this Order. Plaintiff should ensure his amended complaint complies with

Rules 8(a)(2) and 10(b). Specifically, Plaintiff must set forth each of his claims, including the supporting facts for each claim, as separate counts. Each claim should be separately and distinctly numbered and stated plainly and succinctly. Plaintiff should avoid conclusory statements and state the specific facts that support his claims. Plaintiff should also eliminate any extraneous material and make clear against which Defendant or Defendants each count is asserted.

**B. Criminal Statutes**

Plaintiff's Complaint seeks relief under more than seven criminal statutes, including 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 875(d) (extortion), 18 U.S.C. § 871(a)-(b) (threats against President and successors to the Presidency), 18 U.S.C. § 953 (private correspondence with foreign governments), and 18 U.S.C. § 3332(a)(special grand jury).[2] However, "'[p]rivate rights of action to enforce federal law must be created by Congress' rather than by the federal courts." Morales v. U.S. Dist. Court for S. Dist. of Fla., 580 F. App'x 881, 886 (11th Cir. 2014)

---

[2] Count III also references 18 U.S.C. §§ 1985 and 1581(a)-(b). (Compl., at 53.) The Court notes 18 U.S.C. § 1985 does not exist. Moreover, Plaintiff's Complaint makes no reference to 18 U.S.C. § 1595, which allows "a victim of a violation of this chapter [to] bring a civil action against the perpetrator" for damages and reasonable attorney's fees. Thus, if Plaintiff wishes to bring suit for violations of 18 U.S.C § 1581(a)-(b), he must do so under 18 U.S.C. § 1595.

6

(quoting Alexander v. Sandoval, 532 U.S. 275, 286 (2001)). The text of a criminal statute itself must "clearly '[display] congressional intent to create new rights.'" Id. "And Congress must 'display[] an intent to create not just a private right but also a private remedy.'" Id. (alteration in original).

Here, Plaintiff asserts relief under federal criminal statutes that do not create private causes of action. See O'Berry v. State Att'ys Off., 241 F. App'x 654, 657 (11th Cir. 2007) (affirming the district court's ruling that a private individual cannot bring an action under 18 U.S.C. §§ 241 and 242); Austin v. Glob. Connection, 303 F. App'x 750, 752 (11th Cir. 2008) (holding 18 U.S.C. § 1341 is a "criminal statute . . . [that does] not provide for civil remedies"); Fowler v. Univ. of Phoenix, Inc., No. 18cv1544, 2019 WL 1746576, at *17 (S.D. Cal. Apr. 18, 2019), aff'd, 817 F. App'x 442 (9th Cir. 2020) (dismissing plaintiff's extortion claim premised on 18 U.S.C. § 1951 and the related penalties set forth in 18 U.S.C. §§ 817-80 because the statutes do not create a private right of action); Strunk v. N.Y. Province of the Soc. of Jesus, No. CV 09-1249, 2010 WL 816121, at *3 (D.D.C. Mar. 8, 2010) (dismissing civil action alleging violation of 18 U.S.C. § 953 because "the United States Constitution vests the power to conduct criminal litigation on the federal government's behalf [in the Attorney General]" (citing 28 U.S.C. § 516; United States v. Nixon, 418 U.S. 683, 694 (1974))); Morales, 580 F. App'x at 886 (finding 18

7

U.S.C. § 3332(a) "nowhere creates a private right of action, express or implied"). Moreover, "[t]he Supreme Court has held that 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Garcia v. Miami Beach Police Dep't, 336 F. App'x 858, 859 (11th Cir. 2009) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

Thus, Plaintiff should avoid asserting any claims that do not allow for a private cause of action in his amended complaint. If Plaintiff does assert such claims, they will be dismissed with prejudice.

## C. Personal Jurisdiction

Finally, Plaintiff should also keep in mind that it is his burden to establish a *prima facie* case of personal jurisdiction over a nonresident defendant. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002) (citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)). Alleging each Defendant "resides and acts in many residences in multiple jurisdictions" is not enough. (See Compl., at 12-15.) To meet this burden, Plaintiff must present "enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing Morris, 843 F.2d at 492). To withstand a motion for directed verdict, Plaintiff must put forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . . ."

8

Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1555 (11th Cir. 1995) (citing Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

### III. CONCLUSION

Plaintiff is **DIRECTED** to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order. Should Plaintiff file an amended complaint, the Court will review it *sua sponte* for compliance with this Order. Having granted Plaintiff an opportunity to amend his Complaint, Defendants' motions to dismiss (Docs. 13, 18) are **DENIED AS MOOT**. Additionally, finding no reason to conduct a hearing, Plaintiff's request for hearing (Doc. 32) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA