IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JAMES S. FALLER II,

    Plaintiff,

    v.

NANCY PATRICIA PELOSI, et al.,

    Defendants.

CV 120-002

## O R D E R

Presently before the Court is Plaintiff's motion to set aside judgment.  (Doc. 48.)  On December 8, 2020, after allowing Plaintiff the opportunity to correct his original complaint, the Court dismissed Plaintiff's amended complaint (Doc. 45) for violating Federal Rules of Civil Procedure 8(a)(2) and 10(b). (See Docs. 44, 46.)  On December 18, 2020, Plaintiff filed the present motion seeking relief under Rule 59(e).  (Doc 48.)

## DISCUSSION

"Rule 59(e) allows a litigant to file a motion to alter or amend a judgment . . . [to give] a district court the chance to rectify its own mistakes in the period immediately following its decision."  Banister v. Davis, 140 S. Ct. 1698, 1703 (2020)

(internal quotations and citations omitted). Reconsideration under this Rule is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

In the present motion, Plaintiff asserts that the Court's December 8, 2020 Order is "erroneous in fact and law" because the Court "took no deference to the factual content and . . . applied law that does not comply with the requirements of a RICO Complaint." (Doc. 48, at 1-2.) Despite Plaintiff's assertions, *pro se* litigants, regardless of the claims being asserted, are required to comply with procedural rules, and "the court is not required to rewrite deficient pleadings." Jacox v. Dep't of Def., 291 F. App'x 318, 318 (11th Cir. 2008) (citing GJR Invs., Inc. V. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds)). Plaintiff merely disagrees with the Court's analysis in its previous Orders. This is not enough to meet the high burden required under Rule 59(e). Thus, reconsideration is not warranted.

2

For those reasons, Plaintiff's motion to set aside judgment is **DENIED**. This case stands **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA